1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY EUGENE VALDIVIA, | Case No. EDCV 16-1975 JFW(JC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| CYNTHIA Y. TAMPKINS, et al., | |
| Defendants. | |

## I.    BACKGROUND AND SUMMARY

On September 15, 2016, Anthony Eugene Valdivia ("plaintiff"), who is a prisoner, is proceeding without a lawyer (*i.e.*, "*pro se*"), and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Complaint")[1] pursuant to 42 U.S.C. § 1983 ("Section 1983") against fourteen (14) defendants connected with the California Rehabilitation Center, Norco ("CRC") where plaintiff is currently housed:  (1) Warden Cynthia Y. Tampkins; (2)  Lieutenant G. Lares; (3)

---

[1]The Complaint includes multiple exhibits ("Exhibits" or "Ex."). Since the Complaint is not sequentially numbered, the Court refers to pages in the order in which they appear and according to the page numbers used on the electronic version of the Complaint which appears on the Court's docket (CM/ECF) as Docket No. 1.

1  Lieutenant Y. Keehmer; (4) Captain C. Abarca ; (5) Lieutenant B. R. Davis; (6)

2  Associate Warden R. Bandholtz; (7) Correctional Counselor A. Gonzalez; (8) ISU

3  Sergeant F. Halton; (9) ISU Officer G. Moeller; (10) AGPA Appeals D. Moore;

4  (11) Appeals Coordinator P. Serna; (12) ISU Sergeant A. Cornejo; (13) ISU Officer

5  A. Carrion; and an unnamed individual identified only as (14) "John Doe"

6  (collectively "defendants").  (Complaint at 3-7 [listing defendants except John

7  Doe]; Ex. A at 16 [referencing John Doe]).  Plaintiff sues defendants in their

8  individual capacities only and seeks monetary relief.  (Complaint at 3-7, 9).

9       As the Complaint is deficient in multiple respects, including those detailed

10  below, it is dismissed with leave to amend.

11  **II.    THE SCREENING REQUIREMENT**

12       As plaintiff is a prisoner proceeding *in forma pauperis* on a civil rights

13  complaint against governmental defendants, the Court must screen the Complaint,

14  and is required to dismiss the case at any time it concludes the action is frivolous or

15  malicious, fails to state a claim on which relief may be granted, or seeks monetary

16  relief against a defendant who is immune from such relief.  See 28 U.S.C.

17  §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

18       In determining whether a complaint fails to state a viable claim for purposes

19  of screening, the Court applies the same pleading standard from Rule 8 of the

20  Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion

21  to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Wilhelm v. Rotman,

22  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  Under Rule 8, a complaint

23  must contain a "short and plain statement of the claim showing that the pleader is

24  entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed

25  factual allegations, at a minimum a complaint must allege enough specific facts to

26  provide "fair notice" of *both* the particular claim being asserted *and* "the grounds

27  upon which [that claim] rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

28  & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556

1  U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned,

2  the-defendant-unlawfully-harmed-me accusation") (citing id. at 555).  In addition,

3  under Rule 10 of the Federal Rules of Civil Procedure ("Rule 10"), a complaint,

4  among other things, must (1) state the names of "all the parties" in the caption; (2)

5  state a party's claims in *sequentially* "numbered paragraphs, each limited as far as

6  practicable to a single set of circumstances"; and (3) state "each claim founded on a

7  separate transaction or occurrence . . . in a separate count" where, like here, "doing

8  so would promote clarity. . . ."  Fed. R. Civ. P. 10(a), (b).

9         Thus, to survive screening, a civil rights complaint must "contain sufficient

10  factual matter, accepted as true, to state a claim to relief that is plausible on its

11  face."  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and

12  quotation marks omitted).  A claim is "plausible" when the facts alleged in the

13  complaint would support a reasonable inference that the plaintiff is entitled to relief

14  from a *specific* defendant for *specific* misconduct.  Iqbal, 556 U.S. at 678 (citation

15  omitted); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)

16  (complaint "must allege the basis of [plaintiff's] claim against *each* defendant" to

17  satisfy Rule 8 pleading requirements) (emphasis added); Chappell v. Newbarth,

18  2009 WL 1211372, *3 (E.D. Cal. May 1, 2009) ("[A] complaint must put each

19  defendant on notice of Plaintiff's claims against him or her, and their factual

20  basis.") (citing Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)).

21  Allegations that are "merely consistent with" a defendant's liability, or reflect only

22  "the mere possibility of misconduct" do not "*show[]* that the pleader is entitled to

23  relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a

24  claim that is "plausible on its face."  Iqbal, 556 U.S. at 678-79 (citations and

25  quotation marks omitted).  At the screening stage,"well-pleaded factual allegations"

26  in a complaint are assumed true, while "[t]hreadbare recitals of the elements of a

27  cause of action" and "legal conclusion[s] couched as a factual allegation" are not.

28  Id. (citation and quotation marks omitted).  In addition, the Court is "not required to

accept as true conclusory allegations which are contradicted by documents referred to in the complaint," <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (citation omitted), and "need not [] accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir.), <u>amended on denial of reh'g</u>, 275 F.3d 1187 (9th Cir. 2001) (citation omitted).

*Pro se* complaints in civil rights cases are interpreted liberally to give plaintiffs "the benefit of any doubt." <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). If a *pro se* complaint is dismissed for failure to state a claim, the court must "freely" grant leave to amend (that is, give the plaintiff a chance to file a new, corrected complaint) if it is "at all possible" that the plaintiff could correct the pleading errors in the complaint by alleging "other facts." <u>Cafasso v. General Dynamics C4 Systems, Inc.</u>, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citation and quotation marks omitted).

## III.   PERTINENT LAW

### A.   Section 1983 Claims

To state a viable claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability in Section 1983 lawsuits. <u>Iqbal</u>, 556 U.S. at 676 (citing, *inter alia*, <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658, 691 (1978)). Hence, a government official – whether subordinate or supervisor – may be held liable under Section 1983 only when his or her own actions have caused a constitutional deprivation. <u>OSU Student Alliance v.</u>

///

1  Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing id.), cert. denied, 134 S. Ct. 70
2  (2013).

3          An individual government defendant "causes" a constitutional deprivation
4  when the defendant (1) "does an affirmative act, participates in another's
5  affirmative acts, or omits to perform an act which [the defendant] is legally required
6  to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others
7  which the [defendant] knows or reasonably should know would cause others to
8  inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir.
9  1978) (citations omitted); see also Lacey v. Maricopa County, 693 F.3d 896, 915
10 (9th Cir. 2012) (en banc) (same) (citing id.).  Allegations regarding causation "must
11 be individualized and focus on the duties and responsibilities of each individual
12 defendant whose acts or omissions are alleged to have caused a constitutional
13 deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations
14 omitted).

15         Similarly, a government official may be held liable under Section 1983 for
16 acts taken in a supervisory capacity, but only if the supervisor's own misconduct
17 caused an identifiable constitutional deprivation.  See OSU Student Alliance, 699
18 F.3d at 1069 (citing Iqbal, 556 U.S. at 676).  A supervisor "causes" a constitutional
19 deprivation only if the official (1) personally participates in or directs a
20 subordinate's constitutional violation; or (2) the constitutional deprivation can
21 otherwise be "directly attributed" to the supervisor's own culpable action or
22 inaction.  See Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011), cert.
23 denied 132 S. Ct. 2101 (2012).

24     **B.    Heck v. Humphrey**

25         In federal court, there are two distinct methods for state prisoners to raise
26 complaints related to their imprisonment.  See Muhammad v. Close, 540 U.S. 749,
27 750 (2004) ("Federal law opens two main avenues to relief on complaints related to
28 imprisonment. . . .") (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).  In

1   general, claims of constitutional violations related to the "circumstances" of a

2   prisoner's confinement must be brought in a civil rights action under Section 1983,

3   see id., while constitutional challenges to the *validity* or *duration* of a prisoner's

4   confinement which seek either "immediate release from prison" or the "shortening

5   of [a state prison] term" must be raised in a petition for federal habeas corpus under

6   28 U.S.C. § 2254 or through appropriate state relief, see Wilkinson v. Dotson

7   ("Dotson"), 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks

8   omitted); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The

9   Court has long held that habeas is the exclusive vehicle for claims brought by state

10  prisoners that fall within the core of habeas, and such claims may not be brought in

11  a § 1983 action.") (citing Dotson, 544 U.S. at 81-82), petition for cert. filed, (Oct.

12  21, 2016) (No. 16-6556).

13          In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a

14  civil rights action must be dismissed if (1) it seeks "to recover damages for

15  allegedly unconstitutional conviction or imprisonment, or for other harm caused by

16  actions whose unlawfulness would render a conviction or sentence invalid"; and (2)

17  the plaintiff is unable to show that the conviction or sentence has already been

18  invalidated (*e.g.*, reversed on direct appeal, expunged by executive order, called into

19  question by federal court's issuance of habeas relief).  Id. at 486-87; Washington v.

20  Los Angeles County Sheriff's Department, 833 F.3d 1048, 1054-55 (9th Cir. 2016)

21  (citing id.).  The Heck rule also applies to "suits challenging prison disciplinary

22  proceedings" where the results of the proceedings or penalties imposed pursuant

23  thereto "necessarily" affect "the duration of [a prisoner's] time to be served (by

24  bearing on the award or revocation of good-time credits). . . ."  See Muhammad,

25  540 U.S. at 754-55; Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); Nettles, 830

26  F.3d at 928-31 (citations omitted).  The Heck rule requires dismissal no matter the

27  relief sought (*i.e.*, damages or equitable relief) as long as success in the Section

28  1983 action would necessarily demonstrate that the fact or duration of an inmate's

1   confinement was unlawful and not previously invalidated.  See Dotson, 544 U.S. at

2   80-82 ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no

3   matter the relief sought (damages or equitable relief), no matter the target of the

4   prisoner's suit (state conduct leading to conviction or internal prison proceedings) –

5   if success in that action would necessarily demonstrate the invalidity of

6   confinement or its duration.") (citations omitted).

7           **C.    First Amendment – Retaliation**

8           "Prisoners have a First Amendment right to file grievances against prison

9   officials . . . ."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation

10  omitted).  Retaliation against a prisoner for exercising this right is an independent

11  constitutional violation.  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)

12  (citations omitted).

13          To state a First Amendment retaliation claim, a complaint must plausibly

14  allege that (1) the plaintiff/inmate engaged in conduct that is protected under the

15  First Amendment; (2) a prison official took "adverse action" against the inmate;

16  (3) the inmate's protected conduct was the "substantial or motivating factor" for the

17  adverse action; (4) the adverse action "would chill or silence a person of ordinary

18  firmness from future First Amendment activities"; and (5) the resulting retaliatory

19  action "did not advance legitimate goals of the correctional institution" because it

20  was either "arbitrary and capricious" or "unnecessary to the maintenance of order in

21  the institution."  Watison, 668 F.3d at 1114-15 (citations and internal quotation

22  marks omitted).

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

7

1    **D.    First Amendment – Right to Seek Redress/Access to Courts**[2]

2    A prisoner's retain the First Amendment right "to petition the government for

3    a redress of [] grievances," includes the specific right "to meaningful access to the

4    courts[.]"  <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1101-02 (9th Cir. 2011) (citation

5    omitted), <u>abrogated on other grounds as stated in</u> <u>Richey v. Dahne</u>, 807 F.3d 1202,

6    1209 n.6 (9th Cir. 2015); <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977) (well-

7    established that prisoners have a constitutional right of access to the courts),

8    <u>abrogated in part on other grounds by</u>, <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996).

9    The constitutional right of access to the courts generally requires prison officials to

10   ensure that prisoners have the "capability of bringing contemplated challenges to

11   sentences or conditions of confinement before the courts."  <u>Lewis</u>, 518 U.S. at 356.

12   To that end, depending on the circumstances, prison officials may be required

13   affirmatively to "help prisoners exercise their rights" (*e.g.*, provide reasonable

14   access to "adequate law libraries or adequate assistance from persons trained in the

15   law"), or simply to refrain from "active interference" in prisoner litigation.  <u>Silva</u>,

16   658 F.3d at 1102 (citation omitted).

17   To state a viable denial of access claim, a prisoner/plaintiff must plausibly

18   allege that some official misconduct caused "actual injury" – that is, that it

19   frustrated or is impeding plaintiff's attempt to bring a nonfrivolous legal claim.

20   <u>Lewis</u>, 518 U.S. at 348-49; <u>Nevada Department of Corrections v. Greene</u>, 648 F.3d

21   1014, 1018 (9th Cir. 2011) (citing <u>id.</u> at 349), <u>cert. denied</u>, 132 S. Ct. 1823 (2012).

22   The plaintiff must describe his underlying claim, whether anticipated or lost, and

23   ///

24   _____

25   [2]The United States Supreme Court has recognized that the basis of the constitutional right
     of access to courts is somewhat unsettled.  <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 & n.12
26   (2002) (noting that decisions of U.S. Supreme Court have grounded right of access to courts in
     the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth
27   Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due
28   Process Clauses) (citations omitted).

show that it is "nonfrivolous" and "arguable."  See Christopher v. Harbury, 536
U.S. 403, 415 (2002).

**IV.  DISCUSSION**

Here, the Complaint is deficient in at least the following respects:

First, the Complaint violates Rule 10 because plaintiff (1) did not name all of
the defendants in the caption on the first page of the Complaint; (2) did not present
his allegations in *sequentially* numbered paragraphs; and (3) improperly lumped all
of his claims into a single count.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1263
(9th Cir.), as amended (May 22, 1992) (affirming dismissal of action based on
failure to comply with court order that complaint be amended to name all
defendants in caption as required by Rule 10(a)), cert. denied, 506 U.S. 915 (1992).

Second, the allegations in the Complaint are insufficient to state a claim
against defendants Abarca, Davis, Bandholtz, Halton, and Cornejo.  The Complaint
does not plausibly allege that any such defendant did any affirmative act,
participated in another's affirmative act, failed to perform a legally required act, or
participated in/directed particular conduct that caused the deprivations of which
plaintiff complains.  Nor does the Complaint plausibly allege that any alleged
constitutional deprivation can otherwise be "directly attributed" to such defendants'
own culpable action or inaction.  Conclusory allegations that a defendant "let
[certain] unlawful acts take place" at CRC, "let[] corruption into the facility," "was
made aware of ISU officer's unlawful corruption and still [] went against plaintiff's
constitutional rights and did not reverse RVR," "lied to cover up destroyed legal
property," and "was made aware of the issues plaintiff has with the officers and yet
[] still signed the Feb. 22, RVR, violating const. rights" (Complaint at 4-5, 7) are
insufficient to state a plausible civil rights claim under Section 1983 against any
such defendants.  See Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (Vague
and conclusory allegations of official participation in civil rights violations are not
sufficient to state a claim under Section 1983.) (citing Ivey v. Board of Regents,

1   673 F.2d 266, 268 (9th Cir. 1982)).  To state a viable Section 1983 individual

2   capacity claim plaintiff must, at a minimum, allege facts which demonstrate the

3   specific acts each individual defendant did and how that individual's alleged

4   misconduct specifically violated plaintiff's constitutional rights.

5          Third, the Complaint fails to state a claim against the Doe defendant.  (Ex. A

6   at 16).  While Local Rules permit plaintiff to sue up to ten unidentified "Doe"

7   defendants (see Local Rule 19-1), as a general rule the use of fictitiously named

8   parties is disfavored in federal court.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th

9   Cir. 1980).  Moreover, since plaintiff has not plausibly alleged individual

10  misconduct by the Doe defendant personally, such unidentifiable defendant may be

11  dismissed from the Complaint.  See id.; McConnell v. Marine Engineers Beneficial

12  Association Benefit Plans, District 1 - Pacific Coast District, 526 F. Supp. 770, 774

13  (N.D. Cal. 1981).  Conclusory allegations that the Doe defendant was part of an

14  indistinguishable group of "assisting officers" who were present when defendant

15  Moeller allegedly retaliated against plaintiff are insufficient to state a claim under

16  Section 1983.  See Pena, 976 F.2d at 471 (citation omitted).

17         Fourth, the allegations in the Complaint are insufficient to state a viable claim

18  against defendant Gonzalez.  The Complaint does not plausibly allege that

19  defendant Gonzalez, as plaintiff's correctional counselor, was personally involved

20  with the alleged misconduct of other defendants (Ex. A at 18), much less that the

21  defendant had any authority at all over the individuals who allegedly caused the

22  deprivations of which plaintiff complains.  Nor does the Complaint plausibly allege

23  that any constitutional deprivation could otherwise be "directly attributed" to

24  defendant Gonzalez's own culpable action or inaction.  Plaintiff's conclusory

25  allegations that after plaintiff reported the alleged misconduct defendant Gonzalez

26  "did nothing to help [plaintiff], violating his rights (Ex. A at 18) are insufficient to

27  ///

28

1    show defendant Gonzalez's personal participation in any civil rights violation.  See
2    Pena, 976 F.2d at 471 (citation omitted).

3          Fifth, the Complaint also fails to state a viable Section 1983 claim against
4    defendant Tampkins.  Plaintiff's conclusory allegations that "[he] was seeking to
5    resolve any and all issues at hand through . . . [defendant] Tampkins and [the
6    defendant] used retaliation, harassment tactics by going to Dorm 108 where
7    [plaintiff] is [sic] went to his living area and destroyed it[,] [v]iolating a federal
8    protected right (right to free speech) [] without being retaliated against[]"
9    (Complaint at 3; Ex. A at 18) are insufficient to state a plausible civil rights claim
10   against such defendant.  Pena, 976 F.2d at 471 (citation omitted).  To the extent
11   plaintiff intends to sue defendant Tampkins (or any of the other supervisory
12   defendants named in the Complaint) because she generally failed to prevent her
13   subordinates from engaging in the official misconduct alleged, the Complaint fails
14   to state a viable Section 1983 claim.  A federal civil rights claim may not be based
15   solely on a defendant's supervisory position.  See Taylor, 880 F.2d at 1045 ("There
16   is no respondeat superior liability under section 1983.") (citation omitted).

17         Sixth, to the extent plaintiff intends to assert a First Amendment claim for
18   denial of access to the courts based on allegations that defendant Carrion
19   improperly seized and/or destroyed plaintiff's legal documents (Ex. A at 13-14), he
20   fails plausibly to do so.  Even assuming (without deciding) that defendant Carrion's
21   actions in some way actively interfered with plaintiff's prisoner litigation, the
22   Complaint has not plausibly alleged that such interference frustrated or impeded
23   plaintiff's attempt to bring a *specific* and *nonfrivolous* legal claim.  Conclusory
24   allegations that "plaintiff was in fact crippled" because defendant Carrion took
25   plaintiff's legal documents, or that unspecified "[s]anctions were brought against
26   [plaintiff]" and that "another one [sic] dismissed" (Ex. A at 14) (citing Ex. C) are
27   insufficient to establish actual injury.  See Pena, 976 F.2d at 471 (citation omitted);
28   see also Iqbal, 556 U.S. at 680-84 (conclusory allegations in complaint which

1    amount to nothing more than a "formulaic recitation of the elements" are

2    insufficient under pleading standard in Fed. R. Civ. P. 8) (citations omitted).  The

3    exhibits plaintiff references (Ex. A at 14; Ex. C at 74-81) do not plausibly support

4    such conclusory assertions, much less an inference that plaintiff suffered any

5    specific "actual injury" due to defendant Carrion's alleged misconduct.

6         Seventh, the Complaint fails to state a viable Section 1983 claim against

7    defendants Moore and Serna.  Plaintiff's claims against such defendants, at most,

8    appear to be predicated upon the alleged improper processing of plaintiff's inmate

9    grievances.  (Ex. A at 14-15).  Nonetheless, a prison official's improper processing

10   of an inmate's grievances or appeals, without more, cannot serve as a basis for

11   Section 1983 liability.[3]  See generally Ramirez v. Galaza, 334 F.3d 850, 860 (9th

12   Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific

13   prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063

14   (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (due process not violated

15   simply because defendant fails properly to process grievances submitted for

16   consideration), cert. denied, 488 U.S. 898 (1988); see, e.g., Todd v. California

17   Department of Corrections and Rehabilitation, 615 Fed. Appx. 415, 415 (9th Cir.

18   2015) (district court properly dismissed claim based on improper "processing and

19   handling of [] prison grievances," since prisoners have no "constitutional

20   entitlement to a specific prison grievance procedure") (quoting Ramirez, 334 F.3d

21   at 860) (quotation marks omitted); Shallowhorn v. Molina, 572 Fed. Appx. 545, 547

22   (9th Cir. 2014) (district court properly dismissed Section 1983 claims against

23   defendants who "were only involved in the appeals process") (citing Ramirez, 334

24   _____

25        [3]While a prison official's alleged failure to process an inmate grievance may implicate a

26   prisoner's First Amendment right of access to the courts, the Complaint fails to state such a
     claim because plaintiff does not plausibly allege that any defendant *actually failed* to process his

27   grievances, that an actual injury resulted from any failure to process plaintiff's grievances or that
     any such conduct actually "hindered his efforts to pursue a [nonfrivolous] legal claim."  Lewis,

28   518 U.S. at 351-53, 354-55.

F.3d at 860).  Plaintiff's conclusory allegations that an indistinguishable group of defendants retaliated against him "through improper treatment of his grievances" (Ex. A at 14) are insufficient to state a viable Section 1983 claim.  See, e.g., Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]"); Taylor, 880 F.2d at 1045 ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."); see also Pena, 976 F.2d at 471 (citation omitted); Iqbal, 556 U.S. at 680-84 (citations omitted).

Eighth, to the extent the Complaint seeks damages stemming from false disciplinary charges allegedly brought by defendants Carrion or Moeller and/or for violations of plaintiff's constitutional rights in connection with disciplinary hearings conducted by defendant Lares and/or defendant Keehmer which resulted in deprivation of plaintiff's good time credits (Complaint at 13-17), plaintiff's Section 1983 claims are barred under the principles announced in Heck.  See, e.g., Balisok, 520 U.S. at 645-46 (where inmate challenge to loss of good time credits or prison disciplinary procedures necessarily implies invalidity of the judgment, claim barred by Heck); see also Dotson, 544 U.S. at 81-82 (state prisoner's Section 1983 challenge to prison disciplinary proceedings "barred (absent prior invalidation)" if success in that civil rights action would necessarily result in inmate's "immediate or speedier release").  Here, the Complaint allegations and exhibits appear to suggest that any disciplinary charge or proceeding which resulted in plaintiff's alleged loss of good time credits has not already been found invalid.

Ninth, allegations that plaintiff was harassed by one or more defendant, without more, are insufficient to state a constitutional deprivation under Section 1983.  Cf., e.g., Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (claims ///

1  of verbal harassment or abuse do not state a constitutional deprivation) (citation
2  omitted).

3       Finally, the remaining allegations in the Complaint are rambling and
4  confusing, and replete with immaterial background information, as well as
5  duplicative, irrelevant, and, at times, unintelligible and conclusory factual and legal
6  assertions which, on the whole, do nothing to plausibly connect any particular act or
7  incident to a specific legal claim against any individual defendant, and consequently
8  are insufficient to state any viable Section 1983 claim. See Pena, 976 F.2d at 471
9  (citation omitted); Iqbal, 556 U.S. at 680-84 (citations omitted); see also Knapp v.
10 Hogan, 738 F.3d 1106, 1109-10 & n.1 (9th Cir. 2013) (violations of Rule 8 "short
11 and plain statement" requirement "warrant dismissal") (citations omitted), cert.
12 denied, 135 S. Ct. 57 (2014); Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th
13 Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible is
14 unexceptionable."); Stewart v. Ryan, 2010 WL 1729117, at *2 (D. Ariz. Apr. 27,
15 2010) ("It is not the responsibility of the Court to review a rambling narrative in an
16 attempt to determine the number and nature of a plaintiff's claims."). To the extent
17 plaintiff suggests that he has stated a Section 1983 claim merely by referencing
18 exhibits he attached to the Complaint, he is incorrect. It is not the Court's
19 responsibility to sift through plaintiff's multiple exhibits in an attempt to glean
20 whether plaintiff has an adequate basis upon which to state any other claim for
21 relief. Cf. Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1066 (9th Cir. 2009)
22 ("[j]udges are not like pigs, hunting for truffles buried in briefs") (citation omitted);
23 Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir.) ("Rule 8(a) requires
24 parties to make their pleadings straightforward, so that judges and adverse parties
25 need not try to fish a gold coin from a bucket of mud.") (cited with approval in
26 Knapp, 738 F.3d at 1111), cert. denied, 540 U.S. 968 (2003).
27 ///
28 ///

14

## V.   ORDERS

In light of the foregoing, IT IS HEREBY ORDERED:

1.   The Complaint is dismissed with leave to amend.  If plaintiff intends to pursue this matter, he shall file a First Amended Complaint within twenty (20) days of the date of this Order which cures the pleading defects set forth herein.[4] The Clerk is directed to provide plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a First Amended Complaint if he elects to proceed in that fashion.

2.   In the event plaintiff elects not to proceed with this action, he shall sign and return the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.

///
///
///
///
///
///
///

---

[4]Any First Amended Complaint must:  (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the Original Complaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) present allegations in <u>sequentially</u> numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) state each claim founded on a separate transaction or occurrence in a separate count as needed for clarity (Fed. R. Civ. P. 10(b)); (g) set forth clearly the sequence of events giving rise to the claim(s) for relief; (h) allege specifically what each individual defendant did and how that individual's conduct specifically violated plaintiff's civil rights; (i) state the names of all defendants in the caption (Fed. R. Civ. P. 10(a)); and (j) not change the nature of this suit by adding new, unrelated claims or defendants, <u>cf. George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (civil rights plaintiff may not file "buckshot" complaints – *i.e.*, a pleading that alleges unrelated violations against different defendants).

1       3.      **Plaintiff is cautioned that, absent further order of the Court,**

2   **plaintiff's failure timely to file a First Amended Complaint or Notice of**

3   **Dismissal, may result in the dismissal of this action with or without prejudice**

4   **on the grounds set forth above and/or for failure diligently to prosecute and/or**

5   **for failure to comply with the Court's Order.**

6       IT IS SO ORDERED.

7

8   DATED: December 19, 2016

9

10   _____

11   HONORABLE JOHN F. WALTERS
     UNITED STATES DISTRICT JUDGE

12

13   Attachments

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28