1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTHONY EUGENE VALDIVIA,

                Plaintiff,

      v.

CYNTHIA Y. TAMPKINS, et al.,

                Defendants.

Case No. 5:16-cv-01975-JFW-JC

MEMORANDUM OPINION AND ORDER DISMISSING ACTION

## I.    BACKGROUND AND SUMMARY

On September 15, 2016, plaintiff Anthony Eugene Valdivia, who was then in custody, is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee, filed a Civil Rights Complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983 against fourteen defendants connected with the California Rehabilitation Center, Norco where plaintiff was housed.[1]

On December 19, 2016, this Court screened and dismissed the Original Complaint with leave to amend ("December Order"). The December Order advised

---

[1]Plaintiff has apparently since been released from custody. See Docket No. 22 (Notice of Change of Address).

plaintiff that the Original Complaint was deficient for reasons described in the December Order, dismissed the Original Complaint with leave to amend, and directed plaintiff to file one of the following:  (1) a first amended complaint which cures the pleading defects described in the December Order; (1) a notice of dismissal; or (3) a notice of intent to stand on the Original Complaint.

On March 28, 2017 plaintiff filed a First Amended Complaint against ten defendants.

On February 28, 2022, the assigned Magistrate Judge issued an Order Dismissing First Amended Complaint with Leave to Amend and Directing Plaintiff to Respond to Order ("February Order").[2]  The February Order advised plaintiff that the First Amended Complaint was deficient for reasons described in the February Order, dismissed the Original Complaint with leave to amend, and directed plaintiff, within fourteen days (*i.e.*, by March 14, 2022), to file one of the following:  (1) a second amended complaint which cures the pleading defects described in the

---

[2]Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim.  Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge.  See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a non-dispositive order dismissing a pleading with leave to amend, may file an objection with the district judge.  See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these non-dispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798).  The February Order expressly notified plaintiff that (1) the February Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the February Order if such party did not seek review thereof or object thereto.  (February Order at 6 n.3).

1   February Order; (1) a notice of dismissal; or (3) a notice of intent to stand on the
2   First Amended Complaint.  The February Order expressly cautioned plaintiff that
3   the failure timely to file a second amended complaint, a notice of dismissal, or a
4   notice of intent to stand on the First Amended Complaint may be deemed plaintiff's
5   admission that amendment is futile and may result in the dismissal of this action on
6   the grounds set forth in the February Order, on the ground that amendment is futile,
7   for failure diligently to prosecute, and/or for failure to comply with the February
8   Order.  The foregoing March 14, 2022 deadline expired without any action by
9   plaintiff.  Plaintiff has not sought review of, or filed any objection to the February
10  Order and has not communicated with the Court in this action since well before the
11  February Order was issued.
12          As discussed below, this action is dismissed due to plaintiff's failure to
13  prosecute and his failure to comply with the February Order.
14  **II.   PERTINENT LAW**
15          It is well-established that a district court may *sua sponte* dismiss an action
16  where the plaintiff has failed to comply with a court order and/or unreasonably
17  failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33
18  (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert.
19  denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th
20  Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable
21  failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356
22  F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P.
23  41(b) proper sanction in cases where a plaintiff is notified of deficiencies in
24  complaint and is given "the opportunity to amend [the complaint] or be dismissed"
25  but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).
26          In determining whether to dismiss an action for failure to prosecute or failure
27  to comply with court orders, a district court must consider several factors, namely
28  (1) the public's interest in expeditious resolution of litigation; (2) the court's need

3

1   to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy
2   favoring disposition of cases on their merits; and (5) the availability of less drastic
3   alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to
4   prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).
5   Dismissal is appropriate under the foregoing analysis "where at least four factors
6   support dismissal . . . or where at least three factors 'strongly' support dismissal."
7   Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations
8   omitted).

9        Where a plaintiff is proceeding *pro se*, however, the court must first notify
10  the plaintiff of the deficiencies in the complaint so that the plaintiff has an
11  opportunity "to amend effectively."  Ferdik, 963 F.2d at 1261 (citation omitted).  In
12  addition, where a Magistrate Judge originally dismissed the complaint with leave to
13  amend, the District Judge must review that decision before dismissing the entire
14  action.  See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss
15  complaints with leave to amend, the district court necessarily must review that
16  decision before dismissing the entire action.").  A district judge may not dismiss an
17  action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to
18  file an amended complaint) or for unreasonable failure to prosecute if the initial
19  decision to dismiss a complaint was erroneous.  Yourish v. California Amplifier,
20  191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

21  **III.    DISCUSSION AND ORDER**

22        First, this Court's December Order adequately and properly notified plaintiff
23  of the deficiencies in the Original Complaint and afforded him an opportunity to
24  amend effectively.

25        Second, this Court has reviewed the Magistrate Judge's February Order and
26  finds that it adequately and properly notified plaintiff of the deficiencies in the First
27  Amended Complaint and afforded him an opportunity to amend effectively.  This
28  Court agrees with and adopts the February Order, and finds that the Magistrate

4

Judge properly dismissed the First Amended Complaint with leave to amend for the reasons discussed therein.

Third, dismissal is appropriate based upon plaintiff's failure to comply with the February Order and the failure to prosecute.  The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives.  The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal.  As noted above, plaintiff has been notified of the deficiencies in the First Amended Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon.  He has done nothing.  See Edwards, 356 F.3d at 1065.  The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal.  See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  As for the fifth factor, since plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the February Order, and plaintiff has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible.  See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

///

///

///

5

1    IT IS THEREFORE ORDERED that this action is dismissed based upon

2  plaintiff's unreasonable failure to prosecute and his failure to comply with the

3  February Order.

4    IT IS SO ORDERED.

5  DATED: March 23, 2022

6

7  _____

8  HONORABLE JOHN F. WALTER
   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6